UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

THEODORE E. GARDNER, JR.        )
            )
v.                     )         1:10-cv-151/1:06-cr-13
            )         *Chief Judge Curtis L. Collier*
UNITED STATES OF AMERICA   )

## MEMORANDUM

Theodore E. Gardner, Jr. ("Gardner") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 24).[1] Gardner was convicted pursuant to a guilty plea of one count of felon in possession of a firearm in violation of 21 U.S.C. § § 922(a)(1) and 924(e)(1). Gardner contends, *inter alia*, that the vehicle he was in was searched without probable cause and the evidence confiscated should have been suppressed.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Gardner was sentenced to a term of imprisonment for 200 months on December 21, 2006 (Criminal Court File No. 14). Gardner's judgment was entered on January 25, 2007 (Criminal Court File No. 15). Gardner pursued a direct appeal (Criminal Court File No. 16). The United States Court of Appeals for the Sixth Circuit affirmed his judgment on March 7, 2008, and issued its mandate on March 31, 2008 (Criminal Court File Nos. 21 & 22). Gardner did not pursue direct review through to a petition for certiorari in the Supreme Court of the United States.

"For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001)

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

(unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If a defendant pursues direct review through to a petition for certiorari in the Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. When a defendant pursues a direct appeal but does not petition the United States Supreme Court for certiorari, his judgment becomes final when the time expires for filing a petition for certiorari. *Clay v. United States*, 537 U.S. 522, 532 (2003). A petition for a writ of certiorari to review a judgment is timely when it is filed within 90 days after entry of the judgment. *See* Rule 13 Supreme Court Rules. Rule 13 specifies that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

The Sixth Circuit's disposition of Gardner's case was filed on March 7, 2008 (Criminal Court File No. 21). Therefore, Gardner's ninety days expired on June 5, 2008, and his judgment became final. The one-year statute of limitations for filing a § 2255 motion commenced on June 6, 2008, and expired June 5, 2009.

Gardner had one year from the time his judgment of conviction became final to file his § 2255 motion. Gardner delivered his § 2255 motion to prison authorities on June 1, 2010. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)); *See* Rule 4(c) Fed. R. app. Proc. Therefore, Gardner's motion is deemed filed on June 1, 2010.

Gardner's one year statute of limitations under § 2255 expired on June 5, 2009. Since Gardner's § 2255 motion was filed on June 1, 2010, almost one year after the expiration of his one year limitation period for filing a § 2255 motion, it is untimely. Although the one-year limitations

period under § 2255 may begin to run from the latest of four alternative dates, *see* 28 U.S.C. § 2255(f), the only one implicated by Gardner's allegations is the date his judgment of conviction became final. Additionally, Gardner's allegations do not indicate grounds for equitable tolling.

Accordingly, the time for filing a § 2255 motion in Gardner's case was no later than June 5, 2009, which is one year from the date his judgment of conviction became final. 28 U.S.C. § 2255. Since Gardner's § 2255 motion was filed on June 1, 2010, it is time-barred by the statute of limitations and will be **DISMISSED**.

An appropriate judgment will enter.


*/s/*
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**